UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. BOCKARI, | No. 2:13-cv-2603-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| J.P MORGAN CHASE BANK, | |
| Defendant. | |

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

    Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

1  (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of
2  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
3  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
4  relief above the speculative level on the assumption that all of the complaint's allegations are
5  true."  *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable
6  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
7  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

8      In reviewing a complaint under this standard, the court must accept as true the allegations
9  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
10 construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
11 plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy
12 the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)
13 "requires a complaint to include a short and plain statement of the claim showing that the pleader
14 is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
15 upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing
16 *Conley v. Gibson*, 355 U.S. 41 (1957)).

17     Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
18 those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,
19 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
20 confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction
21 requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
22 "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
23 authorized by a federal statute that both regulates a specific subject matter and confers federal
24 jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
25 jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
26 matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
27 *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
28 of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

1  subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*
2  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

3  Plaintiff's complaint alleges that on July 12, 2010, he deposited $28,995.59 with
4  defendant J.P Morgan Chase Bank. ECF No. 1 at 3. The deposit was split between a checking
5  and savings account. *Id*. Plaintiff alleges that on July 28, 2010, he requested two cashier's
6  checks in the amount of $5,000 from each account. Plaintiff claims, however, that defendant took
7  $10,000 from his checking account. Plaintiff further alleges that on July 30, 2010, plaintiff
8  requested two more cashier's checks in the amount of $5,000 each. Plaintiff again requested
9  $5,000 be taken from each account. The complaint then alleges that within two days "$20,000.00
10 . . . [was] taken from my account and stated paid to me without my knowledge. The trick
11 [defendant] played was that I was asked to sign a form to take the checks to chase for cashing.
12 After leaving the bank, they would write my account [number] against my signature and take
13 $10,000 each time." *Id*. at 4. Plaintiff claims that by the end of 2010, all of his money had
14 disappeared. He alleges that when inquired into how all his money had disappeared, defendant
15 told him "all my checks were cashed and my money paid back in full." *Id*. Plaintiff claims that
16 that this statement is false and that defendant, through its fraud, stole $14,000. *Id*. at 3-4.
17 Plaintiff further alleges that he has a history of brain injury and stroke. *Id*.

18 Attached to the complaint are four checks, two dated July 28, 2010 and two dated July 30,
19 2010. Each check is in the amount of $5,000 and identifies plaintiff as both the payee and the
20 remitter. ECF No. 1 at 7-10.

21 It is unclear from plaintiff's complaint whether this court has subject matter jurisdiction
22 over plaintiff's claim(s). Other than a nonspecific general allegation of fraud, the complaint does
23 not specify any claims for relief, nor does it allege diversity of the parties. Furthermore, it is
24 difficult to discern how the allegations support a claim for relief or demonstrate that plaintiff was
25 harmed. Plaintiff specifically alleges that he requested four cashier's checks totaling $20,000, but
26 then alleges that $20,000 was taken from his accounts without his knowledge. *Id*. at 3-4. He
27 further alleges that he lost $14,000 due to defendant's fraud. These conclusory allegations are
28 insufficient to show a right to relief above the speculative level. *Twombly*, 550 U.S. at 554.

3

Therefore, the complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint, if he can allege a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted;

/////

4

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: November 20, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE