1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK A. BOCKARI,                    No.  2:13-cv-2603-JAM-EFB PS

12              Plaintiff,

13        v.                                ORDER

14   J.P MORGAN CHASE BANK,

15              Defendant.

16

17         This court previously granted plaintiff's request to proceed *in forma pauperis*, but

18   dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1]  ECF

19   No. 8.  His original complaint appeared to allege that defendant was in some unclear manner

20   responsible for money disappearing from plaintiff's bank account.  *See generally* ECF No. 1.  The

21   order dismissing that complaint noted that the lack of clarity in the complaint called into question

22   whether the court had subject matter jurisdiction.  The complaint did not specify any claims for

23   relief, nor did it allege diversity of the parties.  *Id*. at 3.  Accordingly, the complaint was

24   dismissed with leave to amend to provide plaintiff an opportunity to cure the deficiencies by

25   alleging, if he could, "a basis for this court's jurisdiction, as well as a cognizable legal theory and

26   sufficient facts in support of that cognizable legal theory."  *Id*. at 4.

27   _____

28   [1]  This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

                                             1

Plaintiff filed an amended complaint, ECF No. 9, and also a motion to consolidate this action with another action he has filed against the same defendant.  ECF No. 11; *see Bockari v. Chase Bank*, 2:14-cv-19-JAM-DAD.  In that other action, findings and recommendations were issued recommending that it be dismissed as duplicative of this case.  *Bockari v. Chase Bank*, 2:14-cv-19-JAM-DAD, ECF No. 4.  In light of that pending recommendation, plaintiff's request to consolidate is denied without prejudice.  Further, as explained below, plaintiff's amended complaint again fails to establish this court's jurisdiction and must be dismissed.[2]

The amended complaint states that this action involves fraudulent cashier's check transactions and the defendant's alleged unauthorized withdrawal of $20,000 from plaintiff's accounts.  *Id*. at 1.  Plaintiff  claims that he "made a split deposit of $28,995.59" between his savings and checking account, and then "wrote four $5,000 cashier's checks to" himself.  *Id*.  He claims that he then left the bank, but upon his departure "the bank withdrew $20,000.00 from [his] accounts using two- $10,000.00 checks in [his] name-checks that [he] never cashed or deposited."  *Id*.

Plaintiff claims that he returned to the bank to cash the four checks.  *Id*.  However, he claims that the teller only gave him $8,000, which he wrongfully believed to be the amount he was owed.  *Id*. at 2.  Accordingly, he claims that he "left the bank with a mere fraction of the amount they took from my accounts."  *Id*. at 2.  Plaintiff further alleges that he has a history of brain injury and stroke, which causes him to get dizzy and confused.  *Id*.  He claims that the bank must have been aware of his medical condition and tricked him to take his money.  *Id*.

As previously explained to plaintiff, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

---

[2]  Plaintiff has also filed a motions requesting the court to expedite his case and for a "ruling in this matter."  ECF Nos. 10, 12.  Those motions are denied as moot.

conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78.  Lack of

/////

3

1    subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

2    *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

3         Here, plaintiff's amended complaint again fails to allege any facts establishing this court's

4    subject matter jurisdiction.  No specific cause of action is pleaded, and it is not clear how the facts

5    alleged in the amended complaint would give rise to a federal claim.  While plaintiff makes

6    reference to the Seventh and Fourteenth Amendments, he does not specifically allege that

7    defendant violated his constitutional rights or how any acts by the defendant could plausibly

8    constitute actions taken under color of state law for purposes 42 U.S.C. § 1983.  ECF No. 9 at 2.

9    Plaintiff alleges nothing that could even remotely show that defendant is a state actor.  *See West v.*

10   *Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983, plaintiff must allege: (1) the

11   violation of a federal constitutional or statutory right; and (2) that the violation was committed by

12   a person acting under the color of state law).

13        Plaintiff also makes general allegations of fraud and emotional harm, and also cites to

14   California's Welfare and Institutions Code, which indicates that plaintiff is attempting to allege

15   state law claims.  *See* ECF No. 9 at 2-3.  However, plaintiff has not demonstrated that this court

16   has jurisdiction pursuant to 28 U.S.C. § 1332.  Although plaintiff requests the court to award him

17   $800,000, the amended complaint fails to establish the citizenship of either plaintiff or the

18   defendant.[3]  Accordingly, plaintiff has failed demonstrate that this court has subject matter

19   jurisdiction.

20        Therefore, the amended complaint must be dismissed.  However, plaintiff will be provided

21   a further opportunity to cure, if he can, these deficiencies.  He is granted leave to file an amended

22   complaint that alleges a basis for this court's jurisdiction, as well as a cognizable legal theory and

23   sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-

24   27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend

25   to correct any deficiency in their complaints).  Should plaintiff choose to file an amended

26   complaint, the amended complaint shall clearly set forth the allegations against defendant and

27

28        [3]  Plaintiff does allege that he is a "naturalized citizen of the United States," but he does not identify his state of domicile.

4

shall specify a basis for this court's subject matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion to consolidate (ECF No. 11) is denied.

2.  Plaintiff's motion to expedite (ECF No. 10) and motion for a ruling (ECF No. 12) are denied.

3.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must

/////

/////

/////

1    be labeled "Second Amended Complaint."  Failure to timely file an amended complaint in

2    accordance with this order will result in a recommendation this action be dismissed.

3    DATED:  September 30, 2015

4    

5                                        EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28