UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. BOCKARI, | No. 2:13-cv-2603-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J.P. MORGAN CHASE BANK, | |
| Defendant. | |

This court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed plaintiff's complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1] ECF No. 8. His original complaint appeared to allege that defendant was in some unclear manner responsible for money disappearing from plaintiff's bank account. *See generally* ECF No. 1. The dismissal order noted that the lack of clarity in the complaint left unclear whether the court had subject matter jurisdiction. The complaint failed to specify any claims for relief and did not allege diversity of the parties. *Id*. at 3. Accordingly, it was dismissed with leave to amend to provide plaintiff an opportunity to allege, if he could, "a basis for this court's jurisdiction, as well as a cognizable legal theory and sufficient facts in support of that cognizable legal theory."

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Plaintiff subsequently filed an amended complaint alleging that defendant used fraudulent cashier's checks to withdrawal $20,000 from his bank account without his authorization. ECF No. 9 at 1. Again, plaintiff failed to plead a specific cause of action. Nor did he allege facts establishing this court's subject matter jurisdiction over this matter. Accordingly, the amended complaint was dismissed with leave to amend to provide plaintiff another opportunity to allege a basis for this court's jurisdiction, as well as a cognizable legal theory supported by sufficient facts.

Plaintiff has now filed a second amended complaint[2] (ECF No. 15), as well as a motion for appointment of counsel (ECF No. 17). For the reasons explained below, plaintiff's motion for appointment of counsel is denied and it is recommended that plaintiff's second amended complaint be dismissed without leave to amend.

I.      Appointment of Counsel

28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017.

As explained below, plaintiff has failed to establish this court's jurisdiction and therefore the second amended complaint must be dismissed without leave to amend. Accordingly, there is no likelihood of success on the merits and plaintiff's motion is therefore denied.

II.     Second Amended Complaint

Plaintiff's second amended complaint alleges that he deposited almost $29,000 into a deposit account at one of defendant's branches. ECF No. 15 at 1. He subsequently wrote four

---

[2] Plaintiff was granted thirty days to file a second amended complaint. ECF No. 14 at 5. He filed his second amended complaint after the thirty-day deadline, but filed a motion requesting the court to accept it as timely. ECF No. 16. That request for an extension of time is granted.

1   cashier's checks to himself, totaling $20,000.  *Id*. at 1-2.  Plaintiff claims that he returned to the
2   bank on a later date to cash the checks, but the teller did not give him the total amount he was
3   owed.  *Id*. at 2.  He claims that he was unaware that he did not receive the right amount due to
4   confusion "from a brain injury and stroke."  *Id*.  He further contends that "defendant breached my
5   trust by fraudulently withdrawing $20,000 from my deposit account."  *Id*. at 1.

6       As previously explained to plaintiff, although *pro se* pleadings are liberally construed, *see*
7   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be
8   dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief
9   that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
10  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's
11  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
12  conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual
13  allegations must be enough to raise a right to relief above the speculative level on the assumption
14  that all of the complaint's allegations are true."  *Id*. (citations omitted).  Dismissal is appropriate
15  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
16  support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
17  1990).

18      In reviewing a complaint under this standard, the court must accept as true the allegations
19  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
20  construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
21  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy
22  the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)
23  "requires a complaint to include a short and plain statement of the claim showing that the pleader
24  is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
25  upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing
26  *Conley v. Gibson*, 355 U.S. 41 (1957)).

27      Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
28  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint once again fails to establish this court's subject matter jurisdiction. Plaintiff contends that this case presents a federal question because defendant committed bank fraud in violation of 18 U.S.C. § 1344. That provision, however, is a criminal statute that does not provide a private cause of action. *Schneider v. Bank of America, N.A.*, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012); *McCracken v. Portland General Elec.*, 2011 WL 4036158, at *6 (D. Or. July 19, 2011).

Plaintiff's complaint also references language contained in 12 U.S.C. § 504.[3] Section 504, which is part of the Federal Reserve Act, provides for civil money penalties against "any member bank" and "any institution-affiliated party" that violates certain provisions of Title 12 or related regulations. 12 U.S.C. § 504. Plaintiff, however, does not specify any provision that defendant allegedly violated. Moreover, that section does not create a private right of action. Plaintiff, as an individual, cannot maintain a claim under this section, which provides that any imposed civil penalties shall be assessed and collected by either the Comptroller of the Currency or the board of

---

[3] Plaintiff's second amended complaint actually cites to 5 U.S.C. 504(a)(1), which concerns awarding fees in relation to adversary proceedings before a government agency. As that statute has no relevance to the factual allegations, the court assumes plaintiff intended to cite to 12 U.S.C. 504.

a State member bank, and deposited into the Treasury. 12 U.S.C. 504(e) and (g). Accordingly, plaintiff fails to state a federal claim.

Moreover, plaintiff fails to allege facts showing that he and defendant are citizens of different states, nor does he demonstrate that the amount in controversy exceeds $75,000. In fact, plaintiff only alleges that defendant fraudulently took $20,000 from him. Thus, jurisdiction is lacking under 28 U.S.C. § 1332. Accordingly, plaintiff has failed to establish the court's jurisdiction and the second amended complaint must be dismissed.

The dismissal should be without further leave to amend. On two separate occasions, this court has instructed plaintiff of his obligation to establish this court's jurisdiction and was provided an opportunity to do so. He has been unable to allege any basis for subject matter jurisdiction and has yet to identify a specific cause of action.[4] Accordingly, the court finds that further leave to amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

III.   Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 16) is granted; and

2. Plaintiff's motion for appointment of counsel (ECF No. 17) is denied.

Further, it is RECOMMENDED that plaintiff's second amended complaint be dismissed without leave to amend and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[4] Plaintiff has also filed a third amended complaint. That complaint contains substantially similar allegations as those found in the second amended complaint, and also fails to adequately allege a federal claim or otherwise establish this court's jurisdiction.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE